

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00496-CV

| | | |
|---|---|---|
| Charles Zakarin | § | From County Court at Law No. 1 |
| | § | of Tarrant County (2012-002902-1) |
| v. | | |
| | § | March 7, 2013 |
| World Wide Express | § | Per Curiam |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed. It is ordered that the appeal is dismissed for want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM


CHARLES ZAKARIN                                                    APPELLANT

V.

WORLD WIDE                                                          APPELLEE
EXPRESS

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Charles Zakarin filed a notice of accelerated appeal of the trial court's December 10, 2012 order denying his special appearance. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(7) (West 2008 & Supp. 2012). Appellee World Wide Express then filed in the trial court a motion to set aside the order denying appellant's special appearance, and appellant filed an emergency

---

[1]*See* Tex. R. App. P. 47.4.

motion for protection in this court, seeking to suspend all actions against him during the pendency of his accelerated appeal in this court. We granted appellant's motion to stay as to all proceedings except for appellee's motion to set aside the order denying his special appearance, noting that if the trial court granted that order, this appeal would be moot.

On February 1, 2013, the trial court granted appellee's motion to set aside the order denying appellant's special appearance. We then sent a letter informing the parties that unless any party desiring to continue the appeal filed a response by February 21, 2013, stating grounds for continuing the appeal, we would dismiss the appeal as moot.

Although appellant sent a response, it does not explain how this court can continue to exercise jurisdiction without a final judgment or an appealable interlocutory order. *Cf.* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(7); *Hernandez v. Ebrom*, 289 S.W.3d 316, 319 (Tex. 2009) ("Appeals of some interlocutory orders become moot because the orders have been rendered moot by subsequent orders."); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment."). We therefore dismiss this appeal for want of jurisdiction and lift the stay. *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.

DELIVERED:  March 7, 2013